# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **VIRGINIA FONTENOT, ET AL.** | * CIVIL NO. 6:09-CV-0855 |
| **VERSUS** | * JUDGE DOHERTY |
| **TOWN OF MAMOU, ET AL.** | * MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Pending before the undersigned is the plaintiff's First Motion to Remand this suit to the 13th Judicial District Court, filed on June 26, 2009. [rec. doc. 9]. The defendants have filed opposition. [rec. doc. 11]. A hearing was held on September 16, 2009, and the motion was taken under advisement. [rec. doc. 13]. For the following reasons, the Motion to Remand is **GRANTED.**

## BACKGROUND

Plaintiffs, Virginia and Eric Fontenot ("the Fontenots"), filed this lawsuit in the 13th Judicial District Court, State of Louisiana, asserting various claims under Louisiana state law against the Town of Mamou ("the City"), the Chief of Police for the Town of Mamou, Greg Dupuis ("Chief"), "unnamed officers" of the Mamou Police Department ("MPD"), and XYZ Insurance Company,[1] seeking compensatory damages from and a judgment against the defendants. [rec. doc. 1, exh. A]. Specifically, Virginia Fontenot alleges that "as a result of the negligence and/or gross negligence" of the MPD, she sustained injuries to her arm after being

---

[1] An unknown insurance company which provided liability insurance coverage to the Town of Mamou. *See* Exhibit A to rec. doc. 1.

shocked by a taser gun. [rec. doc. 1, ¶ 15]. She further asserts that "this was an unnecessary and excessive use of force," which caused severe injuries to her. [rec. doc. 1, ¶ 17].

On May 26, 2009, defendants, the Town of Mamou and Chief Greg Dupuis, in his official capacity as a police chief officer for the Town of Mamou, filed a Notice of Removal Based on Federal Question Jurisdiction. While defendants did not specify the basis for federal question jurisdiction, they pled in the notice that plaintiffs had alleged "deliberate indifference" on the part of Chief Dupuis and MPD "to the constitutional rights of persons within the Town of Mamou, Parish of Evangeline and were the cause of the violations of the Plaintiff." [rec. doc. 1, ¶ 1]. They further noted that plaintiffs had alleged "deliberate indifference or negligence of defendants, UNNAMED POLICE OFFICERS," and had prayed for "penalties and attorney's fees." [rec. doc. 1, ¶ 1].

On June 26, 2009, plaintiffs filed a Motion to Remand this action. [rec. doc. 9]. In the memorandum, plaintiffs state that they have sought relief under Louisiana, not federal, constitutional law. Additionally, they assert that they have not sought relief under any federal statutes, but solely on the basis of state law.

In the opposition, defendants argue that "deliberate indifference" is a federal standard of proof under 42 U.S.C. § 1983 for municipal liability and/or under Section 1983 liability for violations of the Fourth and/or Eighth Amendments, not a state law standard of proof for excessive force claims. [rec. doc. 11, p. 4]. Additionally, they assert that plaintiffs have alleged a constitutional violation in paragraph 25 of the complaint, wherein they stated that "[t]he above described policies, customs and practices demonstrate a deliberate indifference on

the part of [defendants] to the constitutional rights of persons within the Town of Mamou . . .". Finally, they contend that by requesting penalties and attorney's fees, which are unavailable under Louisiana law, plaintiffs have asserted a claim under federal law.

## LAW AND ANALYSIS

Initially, the undersigned notes that it is well settled that in order to exercise federal subject matter jurisdiction over this case, this court does not need "exclusive jurisdiction" over the Fontenots' claims. Original jurisdiction is all that is required, and the amount in controversy does not affect this court's federal question removal jurisdiction. Accordingly, these arguments will not be further addressed herein.

The removal statute provides in pertinent part:

> (a) . . . [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . . .

28 U.S.C. § 1441(a) and (b).

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Determination of whether an action "arises under" the laws of the United States and accordingly is properly removed to federal court on the basis of federal question jurisdiction is made pursuant to the well-pleaded complaint rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct.

921, 139 L.Ed.2d 912 (1998). Under that doctrine, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (*quoting Caterpillar, Inc. v.. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). In other words, jurisdiction exists only if the plaintiff's statement of his own cause of action demonstrates that claim is based on federal law. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

A plaintiff is deemed master of his case, and he may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Where a plaintiff has a choice between federal and state law claims, if the plaintiff properly pleads only a state law cause of action, there generally is no federal jurisdiction and the defendant's opportunity to remove the action is defeated. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir.2002), *cert. denied, NPC Servs. v. MSOF Corp.*, 537 U.S. 1046, 123 S.Ct. 623, 154 L.Ed.2d 519 (2002); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir.2001); *see also Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) ("[W]hen both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction.").

Here, Virginia Fontenot asserted that "as a result of the negligence and/or gross negligence" of the MPD, she sustained injuries to her arm after being shocked by a taser gun.

4

[rec. doc. 1, ¶ 15]. She further asserts that "this was an unnecessary and excessive use of force," which caused severe injuries to her. Specifically, she alleged claims under LA. CIV. CODE articles 2315 and 2316. [rec. doc. 1, ¶ 18]. Nowhere in the Complaint do plaintiffs refer to 42 U.S.C. §1983 or any other federal causes of action.

To state a claim under § 1983, two elements must be shown: first, that the plaintiff was deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred by someone acting under the color of state law. *Landry v. A-Able Bonding, Inc.,* 75 F.3d 200, 203 (5th Cir. 1996) *citing Flagg Bros, Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1733 (1978); *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994).

Defendants argue that, by asserting "deliberate indifference . . . to the constitutional rights of persons within the Town of Mamou", plaintiffs stated a claim under federal law. [rec. doc. 1, ¶ 25]. However, plaintiffs did not plead a violation right or interest secured by the Constitution and laws *of the United States*. (emphasis added). In the instant motion, plaintiffs state that they have sought relief under Louisiana, not federal, constitutional law. Additionally, they assert that they have not sought relief under any federal statutes, but solely on the basis of state law.

In any event, to assert a claim against defendants sued in their individual capacities, the heightened pleadings requirements apply. *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). Based on a review of the Complaint, the undersigned finds that the allegations are insufficient to support a claim against defendants under § 1983. *See, Schultea v. Wood*, 47

F.3d 1427, 1432-34 (5th Cir. 1995).

Defendant's final argument is that by requesting penalties and attorney's fees, plaintiffs have alleged a federal claim. However, the Fifth Circuit has clearly held that a request for attorneys' fees, even if allowable under federal but not state law, does not in itself present federal question jurisdiction. *Bernhard v. Whitney National Bank*, 523 F.3d 546, 552 (5th Cir. 2008) (*citing In re Hot-Hed, Inc.*, 447 F.3d 320, 324 (5th Cir. 2007)). Thus, this argument lacks merit.

The plaintiff has asserted a state law claim. The mere reference to remedies that may be available, at this time, only in federal court is insufficient, in and of itself, to warrant the plaintiff being deprived of his choice of forum.

Based on the foregoing, the Motion to Remand is **GRANTED.**

**The undersigned will stay the effect of this order for ten (10) days from the date of this order to allow the defendant to appeal this order. If no appeal is filed, this order will then automatically become executory.**

Signed this 25th day of September, 2009, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE